United States District Court
Southern District of Texas
**ENTERED**
November 07, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EBONY MITCHELL, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-2049 |
| | § | |
| PRAETORIAN INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM AND OPINION**

I.      **Background**

The plaintiff, Ebony Mitchell, alleges that her property was damaged by "wind and hailstorm" on September 23, 2020.  (Docket Entry No. 7 at ¶ 7).  She alleges that she filed a claim with her insurer, Praetorian Insurance Company, but that Praetorian "failed to conduct a thorough assessment, leading to a hasty and inadequate payment that fell well short of the actual damages suffered by the plaintiff."  (*Id.*).

Mitchell sued Praetorian in state court, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.01 *et seq.*, Chapter 541 of the Texas Insurance Code, § 541.001 *et seq.*, the Texas Prompt Payment of Claims Act, § 542.051 *et seq.*, and common-law fraud.  (Docket Entry No. 1-2 at 18–28).  Praetorian removed on the basis of diversity jurisdiction.  (Docket Entry No. 1).  Praetorian then moved to dismiss Mitchell's second amended complaint under Rule 12(b)(6).  (Docket Entry No. 4).  In response, Mitchell filed a third amended complaint, which Praetorian has moved to dismiss under Rule 12(b)(6).  (Docket Entry No. 9).  Based on the

pleadings, the motion, the response, and the applicable law, the motion is granted as to all claims except Mitchell's breach-of-contract and § 541.060(a)(3) claims.   The dismissal is without prejudice and with leave to amend, no later than December 8, 2023.   The reasons are set out below.

## II.   The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."   FED. R. CIV. P. 12(b)(6).   Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   FED. R. CIV. P. 8(a)(2).   A complaint must contain "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556).   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"   *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).   "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'"   *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir.

2019) (quoting *Twombly*, 550 U.S. at 555).   "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## III.    Analysis

### A.    Breach of Contract

The elements of a breach-of-contract claim under Texas law are: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio, pet. denied.) (quotation marks and quoting reference omitted).

Praetorian argues that Mitchell fails to state a claim for breach of contract because she does not (1) allege which contractual provisions were violated, (2) attach a copy of the insurance policy to her complaint, (3) allege "any specific act or omission of [Praetorian] that breached" the policy, or (4) allege "actual facts to show why [Praetorian]'s investigation was allegedly unreasonable." (Docket Entry No. 9 at 15).

The court finds that Mitchell has stated a plausible claim for breach of contract.  She alleges the existence of a valid contract with Praetorian.  (Docket Entry No. 5 at ¶ 23).  She alleges that

3

she performed under the contract by "promptly notifying the defendant of the loss, fully cooperating with the investigation, providing supporting documentation, and submitting all requested statements." (*Id.*).  She alleges that Praetorian breached the contract by failing "to make full payment for the plaintiff's claims." (*Id.*).  Finally, she alleges that she "suffered financial loss directly attributable to the defendant's failure to provide complete compensation."  (*Id.*). Praetorian cites no authority holding that Mitchell's failure to attach the insurance policy to her complaint warrants Rule 12(b)(6) dismissal.  The motion to dismiss on this ground is denied.

### B.    The Extra-Contractual Claims

As an initial matter, Praetorian argues that Mitchell fails to state any extra-contractual claim because she does not allege "an injury that is independent from the loss of benefits." (Docket Entry No. 9 at 19).  This argument is unpersuasive.  The authorities Praetorian cites stand for the proposition that a plaintiff may not recover damages beyond policy benefits under the Texas Insurance Code without proving an injury that is independent from the loss of benefits.  *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, 848 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Parkans Intern. LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002); *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499–500 (Tex. 2018).  A plaintiff need not plead an injury independent of lost benefits to state extra-contractual claims.  *See Menchaca*, 545 S.W.3d at 489 ("[A]n insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits.").

### 1.    Breach of the Duty of Good Faith and Fair Dealing

Mitchell alleges that Praetorian breached its duty of good faith and fair dealing by "manufactur[ing] a false basis of exclusion to deny full payment of the plaintiff's claim for

damages resulting from a wind and hail storm," and "fail[ing] to adequately and reasonably investigate and evaluate the plaintiff's claim, despite having knowledge or should have had knowledge through reasonable diligence that their liability was reasonably clear." (Docket Entry No. 5 at ¶¶ 35–36).   Praetorian argues that these allegations are conclusory and fail to meet the Rule 12(b)(6) and 8(a) standard.   Praetorian also alleges that Rule 9(b)'s heightened pleading standard applies because Mitchell's breach of the duty of good faith and fair dealing claim is based in alleged fraud.   The court agrees.

Mitchell's claim for breach of the duty of good faith and fair dealing, to the extent it is based on alleged fraud, is subject to the Rule 9(b) heightened pleading standard.  *See Tracy v. Chubb Lloyds Ins. Co. of Tex.*, 2012 WL 2477706, at *7 (W.D. Tex. 2012) ("Rule 9(b) applies 'to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud.'") (quoting *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998)).

Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).  "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.  Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation and quoting reference omitted).

Mitchell's third amended complaint does not identify what "false basis of exclusion" Praetorian allegedly used to deny full payment of the claim.  (Docket Entry No. 5 at ¶ 35).  Mitchell

appears to refer to Praetorian's alleged "false[] asserti[on] that the property damage did not surpass the amount already paid," (*id.* at ¶ 10), but Mitchell fails to allege "the who, what, when, where, and how" behind this allegation. *Benchmark*, 343 F.3d at 724. Rule 9(b) is not satisfied.

Mitchell also fails to state a claim to the extent that her claim for breach of the duty of good faith and loyalty is based on Praetorian's alleged failure to conduct a reasonable investigation. Mitchell does not allege what Praetorian did or failed to do that made its investigation unreasonable. Conclusory allegations that Praetorian "failed to conduct a thorough assessment," or that the investigation "was marred by a predetermined outcome," are insufficient. (Docket Entry No. 5 at ¶¶ 7, 14).

### 2.    Chapter 541 of the Texas Insurance Code

Mitchell alleges that Praetorian violated § 541.060 of the Texas Insurance Code by:

a. misrepresenting to Plaintiff damages from a wind and hail storm were covered under the policy and any investigation of the loss would be conducted reasonably without pre-determination;

b. failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim when Defendant's liability became reasonably clear;

c. failing to provide promptly to Plaintiff a reasonable explanation of the basis in Defendant's Policy, in relation to the facts or applicable law, for Defendant's claim denial and failure to pay the claim in full; and

d. failing within a reasonable time to deny coverage of Plaintiff's claim.

(*Id.* at ¶ 47).

Mitchell alleges that Praetorian violated § 541.151 by:

a. misrepresentations and false advertising of Plaintiff's policy contract regarding coverages afforded; and

b. false information and advertising.

(*Id.* at ¶ 48).

Mitchell alleges that Praetorian violated § 541.061 by:

6

a. making an untrue statement of material fact regarding coverages and the amount of loss;

b. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

c. making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact such as occurred here.

(*Id.* at ¶ 49).

Mitchell's claims under §§ 541.151 and 541.061 are subject to Rule 9(b).  So is Mitchell's claim under § 541.060 that Praetorian "misrepresent[ed] [] [that] damages from a wind and hailstorm were covered under the policy and [that] any investigation of the loss would be conducted reasonably without pre-determination."  (*Id.* at ¶ 47).  These allegations fail to satisfy Rule 9(b).  Mitchell does not allege when Praetorian made these alleged misrepresentations or in what form the alleged misrepresentations were made.  She does not allege whether the alleged misrepresentations were made before she obtained the policy, in the policy provisions, or during the claims process.  Mitchell fails to state a false-advertising claim under § 541.151 because she does not allege any specific advertisements or explain how they were false.  Mitchell fails to state a claim under § 541.061 for "failing to state a material fact" because she does not allege what facts Praetorian was required to state to avoid making "other statements made not misleading."

Mitchell's other claims under § 541.060 are subject to the ordinary pleading standard. Section 541.060(a)(2) makes it an "unfair settlement practice[]" to "fail[] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of[] a claim with respect to which the insurer's liability has become reasonably clear."  Mitchell fails to state a claim under this section because she does not allege facts that would support an inference that Praetorian "knew or should have known that it was reasonably clear that the claim was covered."  *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997).

Section 541.060(a)(3) makes it an "unfair settlement practice[]" to "fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim."  Mitchell alleges that Praetorian violated § 541.060(a)(3) by "fail[ing] to provide any justifications for the partial payment."  (Docket Entry No. 5 at ¶ 12).  A failure to provide any explanation for making a partial payment would violate § 541.060(a)(3), and Mitchell's claim under this section therefore withstands Rule 12(b)(6).

Section 541.060(a)(4) makes it an "unfair settlement practice[]" to "fail[] within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder."  Mitchell argues that Praetorian violated this section because, "[d]espite the plaintiff's diligent pursuit, they did not receive a timely written acceptance or rejection of the entire claims from the defendant." (Docket Entry No. 5 at ¶ 13).  Mitchell fails to state a claim under this section because she does not allege the date, or how long after the claim was filed, that Praetorian notified Mitchell that it would be making the alleged partial payment and no further payments.

### 3.    The Deceptive Trade Practices Act

The Texas Deceptive Trade Practices Act, through its "tie in" provision, provides a cause of action for violations of Chapter 541 of the Texas Insurance Code.  TEX. BUS. & COM. CODE § 17.50(a)(4).  The Act also prohibits "false, misleading, or deceptive acts or practices" under § 17.46, and "any unconscionable action or course of action," § 17.50(a)(1), (3).

Mitchell alleges violations of the Deceptive Trade Practices Act through the Chapter 541 "tie in," and also alleges the following violations:

a. Representing the services have benefits or coverages which they do not have;

8

b. Representing Defendant's Policy confers rights and remedies which it does not have;

c. Failing to disclose information concerning Defendant's Policy which was known at the time of purchase and such failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed; and

d. Engaging in an unconscionable course of conduct.

(Docket Entry No. 5 at ¶ 39).

For the reasons explained above, Mitchell's misrepresentation claims under Chapter 541 do not satisfy Rule 9(b). Her misrepresentation claims under § 17.46 fail for similar reasons. The only allegation in support of these claims is that Praetorian "consistently assured the plaintiff that they would adequately compensate for the damages resulting from wind and hail damage." (*Id.* at ¶ 40). Mitchell does not allege "the who, what, when, where, and how." *Benchmark*, 343 F.3d at 724. Mitchell also does not allege what information Praetorian failed to disclose about the policy.

Finally, Mitchell fails to state a claim that Praetorian engaged in an "unconscionable course of conduct." This claim requires a showing "that the defendant took advantage of [the plaintiff's] lack of knowledge and that the resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated." *Serv. Corp. Intern. v. Aragon*, 268 S.W.3d 112, 118–19 (Tex. App.—Eastland 2008, pet. denied) (citing *Bradford v. Vento*, 48 S.W.3d 749, 760 (Tex. 2001)). Mitchell does not allege these elements or explain what actions were allegedly unconscionable.

Mitchell fails to state a claim under the Deceptive Trade Practices Act.

### 4.    The Texas Prompt Payment of Claims Act

Mitchell alleges that Praetorian violated § 542.055 of the Texas Prompt Payment of Claims Act by "neglect[ing] to acknowledge the plaintiff's claims, initiate timely investigations, and request all necessary information to properly assess the plaintiff's claim within the mandated timeframe of fifteen (15) days from receiving notice." (Docket Entry No. 5 at ¶ 15). Mitchell also

9

alleges that Praetorian violated § 542.056 by "fail[ing] to accept or deny the plaintiff's complete claims within fifteen (15) business days." (*Id.* at ¶ 16). Mitchell also alleges that Praetorian violated § 542.057 by failing "to promptly make full payment for the plaintiff's claims." (*Id.* at ¶ 17). In addition, Mitchell alleges violations of § 542.058. (*Id.* at ¶ 43).

Section 542.055 requires an insurer to take certain actions "[n]ot later than the 15th day . . . after the date [the] insurer receives notice of a claim." Mitchell fails to state a claim under this section because she does not allege the date when Praetorian received notice of her claim or the dates that Praetorian took the required actions.

Section 542.056 requires an insurer to "notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss." Mitchell fails to state a claim under this section because she does not allege the date when Praetorian received the required information or the date that Praetorian notified her of the acceptance or rejection of her claim.

Section 542.057 provides: "[I]f an insurer notifies a claimant under Section 542.056 that the insurer will pay a claim or part of a claim, the insurer shall pay the claim not later than the fifth business day after the date notice is made." Mitchell fails to state a claim under this section because she does not allege the date when Praetorian notified her that it would pay the claim or part of the claim or the date that Praetorian paid the claim.

Section 542.058 makes an insurer liable for damages if the insurer, "after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days . . . ." Mitchell fails to state a claim

under this section because she does not allege the date when Praetorian received all "reasonably requested and required" information or the date that Praetorian allegedly underpaid the claim.

### 5.    Fraud

Mitchell states in her response to the motion to dismiss that she "no longer wishes to proceed" with "the cause of action for fraud." (Docket Entry No. 14 at 2). She "voluntarily dismisses fraud as a cause of action through the filing of this response." (*Id.* at 6).

## IV.   Conclusion

Praetorian's motion to dismiss, (Docket Entry No. 9), is granted as to all claims except Mitchell's breach-of-contract and § 541.060(a)(3) claims. The dismissal is without prejudice except as to the action for fraud. Any amended pleading must be filed no later than December 8, 2023.


SIGNED on November 7, 2023, at Houston, Texas.

_____
                     Lee H. Rosenthal
                     United States District Judge

11