IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EBONY MITCHELL, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. H-23-2049 |
| PRAETORIAN INSURANCE COMPANY, | § |
| Defendant. | § |

**MEMORANDUM AND OPINION**

The plaintiff, Ebony Mitchell, alleges that her property insurance carrier, Praetorian Insurance Company, failed to fully pay her for wind and hailstorm damage to her property. (Docket Entry No. 28). The court previously dismissed Mitchell's third amended complaint in part, without prejudice. (Docket Entry No. 26). Mitchell has filed a fourth amended complaint, (Docket Entry No. 28), and Praetorian moves to dismiss Mitchell's extra-contractual claims, (Docket Entry No. 29).

Based on the record, the pleadings, the briefs, and the applicable law, the motion to dismiss is granted. Mitchell's fourth amended complaint does not cure the deficiencies the court identified in its November 7, 2023 memorandum. The reasons are set out below.

**I.   The Rule 12(b)(6) and Rule 9(b) Standards**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

Rule 9(b) provides that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).  "At a minimum, Rule 9(b)

requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation and quoting reference omitted).

II. Analysis

A. Breach of the Duty of Good Faith and Fair Dealing

Mitchell alleges that Praetorian breached the duty of good faith and fair dealing by: (1) "construct[ing] a false premise to fully deny payment for the plaintiff's storm-related property damages" and "obstruct[ing] any material inspection of the plaintiff's claim"; and (2) "fail[ing] to appropriately and justly examine the plaintiff's claim, despite possessing or reasonably should have possessed [*sic*] knowledge that their liability was clear." (Docket Entry No. 28 at ¶¶ 36–37).

To the extent this claim is based on fraud, it does not meet Rule 9(b)'s heightened pleading standard. Mitchell does not identify "the who, what, when, where, and how" behind the alleged "false premise." *Benchmark*, 343 F.3d at 724. Mitchell also fails to allege how Praetorian "obstructed" any inspection of Mitchell's property. Mitchell's allegations that Praetorian did not reasonably investigate her claim are conclusory; she does not allege the ways in which the investigation was allegedly unreasonable.

Mitchell fails to state a claim for breach of the duty of good faith and fair dealing.

B. Texas Deceptive Trade Practices Act

Mitchell alleges that Praetorian violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.01 *et seq.*, by:

    a. Claiming that the Policy claims to provide services with advantages or protections that they do not have;

3

  b. Stating that the Policy provides rights and solutions it does not have;

  c. Omitting information about Defendant's Policy that was known at purchase, intending to induce Plaintiff into a deal it would not have made if disclosed; and

  d. Pursuing an unfair course of conduct.

(Docket Entry No. 28 at ¶ 40).

These claims are based on the sole allegation that Praetorian "consistently reassured the plaintiff they would properly reimburse the harm from wind and hail damage." (*Id.* at ¶ 41). Again, Mitchell fails to allege "the who, what, when, where, and how." *Benchmark*, 343 F.3d at 724.

Mitchell fails to state a claim under the Texas Deceptive Trade Practices Act.

**C.** **Texas Prompt Payment of Claims Act**

Mitchell alleges that Praetorian violated the Texas Prompt Payment of Claims Act, TEX. BUS. & COM. CODE § 542.051 *et seq.*, in the following ways:

> 43. [] [W]ithin 15 days of the claim notice, the defendant neglected these duties:
>
>  a. Acknowledge the claim. The defendant did not confirm receipt, violating TEX. INS. CODE § 542.055(a)(1). *See Dunn v. Southern Farm Bur. Cas. Ins. Co.*, 991 S.W.2d 467, 472 (Tex. App.—Tyler 1999, pet. denied);
>
>  b. Record the acknowledgement. The defendant failed to document the date, means and content of the acknowledgement, violating TEX. INS. CODE § 542.055(c);
>
>  c. Initiate the investigation. The defendant did not reasonably investigate, instead performing an unreasonable, outcome-driven probe lacking deference to the plaintiff's evidence, violating TEX. INS. CODE § 542.055(a)(2); and
>
>  d. Request information. The defendant relied solely on biased predetermined conclusions rather than seeking needed items, statements and forms from the plaintiff as required by TEX. INS. CODE § 542.055(a)(3).
>
> 44. Additionally, after receiving all reasonably required information, the defendant failed to:

4

    a. Accept or reject the claim by the 15th business day, violating TEX. INS. CODE § 542.056(d)

    b. Provide reasonable justification for underpayment, violating TEX. INS. CODE § 542.056(c);

    c. Seek more time and explain why, violating TEX. INS. CODE § 542.056(d);

    d. Pay within 5 days of the plaintiff meeting conditions, instead underpaying contrary to the plaintiff's estimator, violating TEX. INS. CODE § 542.057(b); and

    e. Pay within 60 days of receiving all information despite the plaintiff's full cooperation, violating TEX. INS. CODE § 542.058(a).

Mitchell fails to state a claim under § 542.055 because she does not allege the date that Praetorian received notice of the claim or when Praetorian allegedly failed to acknowledge receipt of the claim, commence an investigation, or request information. Mitchell fails to state a claim under §§ 542.056, 542.057, and 542.058 because she does not allege the date that Praetorian allegedly received "all items, statements, and forms required by the insurer to secure final proof of loss."

    **D.**    **Chapter 541 of the Texas Insurance Code**

Mitchell alleges that Praetorian violated Chapter 541 of the Texas Insurance Code, § 541.001 *et seq.*, by:

    a. misrepresenting to Plaintiff damages from a wind and hail storm were covered under the policy and any investigation of the loss would be conducted reasonably without pre-determination;

    b. failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim when Defendant's liability became reasonably clear;

    c. failing to provide promptly to Plaintiff a reasonable explanation of the basis in Defendant's Policy, in relation to the facts or applicable law, for Defendant's claim denial and failure to pay the claim in full; and

    d. failing within a reasonable time to deny coverage of Plaintiff's claim.

(*Id.* at ¶ 48).

Mitchell's first claim, under § 541.060(a)(1), fails because, as explained, she does not allege "the who, what, when, where, and how" behind Praetorian's alleged misrepresentations. *Benchmark*, 343 F.3d at 724.

Mitchell's second claim, under § 541.060(a)(2), depends upon allegations supporting an inference that Praetorian "knew or should have known that it was reasonably clear that the claim was covered." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). Mitchell alleges, in conclusory fashion, that Praetorian "possessed undeniable knowledge and compelling evidence of the extensive damages suffered by the plaintiff, yet still made a payment that did not adequately address the situation." (Docket Entry No. 28 at ¶ 7). Although Mitchell alleges that she obtained "an independent estimate of the damages" amounting to $67,144.82, she does not allege that Praetorian was aware of this estimate. (*Id.* at ¶ 8). These allegations are insufficient to state a claim under § 541.060(a)(2).

For the reasons explained in the court's November 7, 2023, memorandum and opinion, Mitchell has alleged facts sufficient to state a claim under § 541.060(a)(3), and Praetorian does not appear to argue otherwise.

Mitchell's fourth claim, under § 541.060(a)(4), fails because she does not allege the date when, or how long after the date when the claim was filed, that Praetorian notified Mitchell that it would be making the alleged partial payment and no further payments.

### III.  Conclusion

The motion to dismiss is granted. (Docket Entry No. 29). Mitchell's extra-contractual claims are dismissed with prejudice because amendment would be futile. Only the breach-of-

contract and § 541.060(a)(3) claims remain.

      SIGNED on January 25, 2024, at Houston, Texas.

                                                                  _____
                                                                    Lee H. Rosenthal
                                                        United States District Judge