United States District Court
Southern District of Texas
**ENTERED**
May 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| EBONY MITCHELL, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-2049 |
| PRAETORIAN INSURANCE COMPANY, | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND ORDER**

The plaintiff, Ebony Mitchell, moves for reconsideration of the court's grant of summary judgment against her claims for breach of contract and violation of § 541.060(a)(3) of the Texas Insurance Code. (Docket Entry No. 53). In its memorandum and opinion, the court ruled that the estimate on which Mitchell relied to prove that Praetorian Insurance Company had underpaid her claim for windstorm damage to her home was incompetent evidence because it "does not identify its author." (Docket Entry No. 50 at 11). The court noted that Mitchell "could have filed a declaration from the estimate's author attesting that he or she prepared the estimate and that it accurately reflects his or her findings and conclusions," and that she had "not explain[ed] her choice not to do so." (*Id.*). But Mitchell's failure to produce this evidence was not determinative because "the Quantum estimate, even if considered, would not raise a factual dispute material to determining the motion for summary judgment." (*Id.* at 11–12).

Mitchell tries to belatedly cure the evidentiary deficiency by attaching to her motion for reconsideration "a sworn affidavit from Richard Gadrow, establishing that he prepared the

estimate, his qualifications, and the methodology used." (Docket Entry No. 53 at 1). According to Mitchell: "This supplemental evidence cures the evidentiary deficiency the Court identified and creates a genuine dispute of material fact as to the amount Praetorian should have paid to repair Ms. Mitchell's home with materials of like kind and quality as required by the policy." (*Id.* at 1–2). Mitchell explains that her failure to previously submit Mr. Gadrow's affidavit was "due to inadvertence." (*Id.* at 2–3).

Mitchell has not persuaded the court that summary judgment should be reconsidered. Mitchell has not explained why she could not have presented Mr. Gadrow's affidavit in her summary judgment response or in a Rule 56(e)(1) motion. *See In re Louisiana Crawfish Producers*, 852 F.3d 456, 466 (5th Cir. 2017). Her mere "inadvertence" is not a sufficient reason for the court to consider this belated evidence. And Mitchell does not argue that the court erred in holding that, even if the Quantum estimate were considered, summary judgment would still be appropriate.

Mitchell's motion for reconsideration is denied. (Docket Entry No. 53).

SIGNED on May 7, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge